## Hummel *v.* Supreme Conclave Improved Order Heptasophs, Appellant.

*Beneficial associations—Death benefit certificates—Beneficiaries —"Children"—Stepdaughter—Construction—Intention.*

1. In construing the terms of a contract of mutual benefit insurance, a liberal rather than a restricted meaning should be given to the language or words employed to designate the beneficiary.

2. Where the law provides that death benefits may be made only, inter alia, to "children," and to a dependent when the dependency is established as provided by law, a stepchild may be designated as a beneficiary if the family relation of parent and child exists.

3. A death benefit certificate issued by a beneficial association organized under the laws of Maryland designated the beneficiary therein as the member's stepdaughter. The laws of Maryland provided that payments of death benefits may be made only inter alia to "children" and to a dependent when the dependency is established as provided in the statute. The constitution and laws of the order made a similar provision. In an action by the beneficiary for the recovery of death benefits, it appeared that plaintiff was the daughter of the deceased member's wife; that plaintiff had become a member of the family of decedent when she was five years old and had lived in his family until she was eighteen or nineteen years old; that she had married and left decedent's home to reside with her husband; that she had separated from her husband and supported herself; but that prior to the date of the certificate she returned to her stepfather's home and remained there as his housekeeper for three years, until his death, during which time she received from him, food, clothing and a certain amount per week for spending money. Defendant contended that plaintiff was not so related to decedent that she could legally be designated as a beneficiary in the certificate issued to him. *Held*, that the word "children" as used in the certificate was intended to include those who stood in that relation to the head of the house, though not related by blood or affinity, and a judgment on a verdict for plaintiff was affirmed.

Argued Oct. 11, 1916. Appeal, No. 40, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 2838, on verdict for plaintiff, in case of Jennie Hummel v. Supreme Conclave Improved Order Heptasophs. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on a death benefit certificate. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,363 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

J. A. Langfitt, with him H. W. McIntosh, Thos. F. Garrahan and Olin Bryan, for appellant.—A stepdaughter does not belong to the class of persons eligible to become beneficiaries under the statute under which defendant was incorporated and under the laws of the society, and a direction to pay her the amount of the certificate is void: Alexander et al. v. Parker, 144 Ill. 355; Supreme Council Amer. Legion of Honor v. Perry et al., 140 Mass. 580; Palmer v. Welsh et al., 132 Ill. 141; Ogle v. Barron, 247 Pa. 19; Royal Highlanders v. State, 7 L. R. A. (N. S.) 385 (108 N. W. Repr. 183); Knights Templars & Masons Life Indemnity Co. v. Vail, 206 Ill. 404; Morey et al. v. Monk, 145 Ala. 301; Supreme Commandery of the United Order of the Golden Cross v. Merrick, 163 Mass. 374; Royal League v. Shields et al., 251 Ill. 250; McMahill v. McMahill, 113 Ill. 461; Menefee v. Chesley, 98 Iowa 55, 66 N. W. Repr. 1038; Williams v. Hutchinson, 5 Barb. (N. Y.) 122; Gay v. Ballou, 4 Wend. (N. Y.) 403; Huson et al. v. Wallace, Admr., 1 Rich. Eq. (S. C.) 1; Cooper v. Martin, 4 East Rep. 76; Tubb et al. v. Harrison et al, 4 Term Rep. (Eng.) 118; Blankenbaker v. Snyder, 36 S. W. Repr. 1124; Cromer v. Pinckney et al., 3 Barb. Ch. (N. Y.) 466; Lawrence v. Hebbard, 1 Bradf. Surr. (N. Y.) 252; McMahill v. Mc-Mahill, 113 Ill. 461; Supreme Lodge, New England Order of Protection, v. Hine, 82 Conn. 315; Bush v. Modern Woodmen of Amer. et al., 152 N. W. Repr. 31; Lavigne v. Ligue Des Patriotes, Chasse, 178 Mass. 25; Hunt's Est., 133 Pa. 260.

Rody P. Marshall, with him S. R. McClure, for appellee.—A liberal construction should be given the contract of insurance and the Act of Assembly of Maryland: Maneely v. Knights of Birmingham of Penna., 115 Pa. 305; DeGrote v. DeGrote, 175 Pa. 50; Bacon on Beneficial Societies, 255, page 600; Elsey et al. v. Odd Fellows' Mut. Relief Assoc. et al., 142 Mass. 224; Caldwell v. Grand Lodge of United Workmen of Cal., 82 Pac. 781;

Supreme Council Amer. Legion of Honor v. Perry et al., 140 Mass. 589; Tepper v. Supreme Council of the Royal Arcanum, Worth et al., 61 N. J. Eq. 638; Niblack on Ben. Assoc., Sect. 160; Compton's Est., 25 Pa. Superior Ct. 28; Maneely v. Knights of Birmingham of Penna., 115 Pa. 305; Menovsky v. Menovsky, 19 Pa. Superior Ct. 427; Hamilton v. Royal Arcanum et al., 189 Pa. 273.

Plaintiff can recover as a child, even though designated as a stepdaughter: Fisher v. Malchow, 93 Minn. 396; Renner et al. v. Supreme Lodge of the Bohemian Slavonian Benevolent Soc. of the U. S., 89 Wis. 401; Tepper v. Supreme Council of the Royal Arcanum, Worth et al., 61 N. J. Eq., 638.

The word "child" in legal documents is not always confined to immediate offspring, but may include grandchildren, stepchildren and children by adoption: Martin, Admr., v. Ætna Life Ins. Co., 73 Me. 25; Kemp v. N. Y. Produce Ex., 54 N. Y. Supp. 678; Carmichael v. Northwestern Mut. Benefit Assoc., 51 Mich. 494.

Plaintiff is legally entitled to recovery as a dependent.

OPINION BY MR. JUSTICE MESTREZAT, January 8, 1917:

This action was brought by the plaintiff, Jennie Hummel, to recover from the defendant beneficiary association the sum of two thousand dollars alleged to be due her as the beneficiary designated in the benefit certificate issued by the defendant to Walter J. Cake, who is now dead.

The defendant is a fraternal beneficiary corporation, incorporated under the laws of the State of Maryland. In 1898 Walter J. Cake became a member of the order, and obtained a certificate in which his wife was designated as the beneficiary and entitled to two thousand dollars at his death. She had been previously married and by the former husband had two children, the plaintiff, who was about five years, and her brother, who was about one year old at the time of their mother's second

marriage. The children became members of Mr. Cake's family, assumed his name, and, as appears by the testimony, they did not know they were not his children until the plaintiff was about eighteen or nineteen years and her brother about fourteen years of age. The plaintiff's name appeared on the monthly report of the public schools she attended as "Jennie Cake," and the report was made to Mr. Cake as her "parent or guardian." The plaintiff was married in 1897 to one Hummel, and left the home of her parents to reside with her husband. In 1909 Mrs. Cake died, and, in conformity with the rules of the order, Walter J. Cake returned his beneficiary certificate to the supreme secretary of the order, surrendering all rights and claims thereunder and directing that, in lieu thereof, a second grade certificate be issued to him, payable to Mrs. Jennie Hummel, "related to me as stepdaughter." The certificate was issued, dated July 29, 1909, and the beneficiary was designated therein as "stepdaughter, Jennie Hummel." The plaintiff separated from her husband in 1906, and then secured employment by which she supported herself until her mother's death in 1909 when she returned to Mr. Cake's home and remained there as housekeeper until his death in 1912. During this time, she received from him her food, clothing and three dollars per week for spending money.

The Maryland statute, under which the defendant was incorporated and is doing business, provides that payment of death benefits may be made only, inter alia, to "children" and to a dependent when the dependency is established as provided in the statute. The constitution and laws of the order make a like provision for the payment of death benefits. After the death of Mr. Cake, proper proofs of death were submitted to the defendant and demand for payment was made by Mrs. Hummel, the beneficiary designated in the benefit certificate. Payment having been refused, this action was brought. The defendant denied its liability to the plaintiff on the ground that Mrs. Hummel was not a child, or one of the

children, of Mr. Cake, and, therefore, was not legally designated as a beneficiary under the laws of the State of Maryland and the constitution and general laws of the defendant order. Defendant also denied that the plaintiff was a "dependent" within contemplation of the statute and laws of the order and entitled to recover as such on the benefit certificate. The plaintiff claimed the right to recover on both grounds. The court submitted to the jury to determine whether the plaintiff was held out by Walter J. Cake as his child from early childhood to the time of his death, and whether she was dependent upon him alone for food, lodging, clothing or education on July 29, 1909, and so remained until his death. Both questions were answered in the affirmative, and there was a verdict for the plaintiff. In disposing of the defendant's motion for judgment non obstante veredicto, the learned court held the evidence did not warrant the finding of the jury that the plaintiff was a dependent of Walter J. Cake and as such a legal beneficiary in the certificate issued to him, but sustained the verdict on the ground that she was his child within the meaning of the laws of the State of Maryland and of the defendant order, and hence, for that reason, was a legal beneficiary and entitled to recover the amount named in the certificate.

We concur with the conclusion of the learned court that, under the facts of the case, the relationship existing between Mr. Cake and his stepdaughter was, as the jury properly found, that of parent and child, and that, therefore, under the statute of Maryland and the laws of the defendant order, she could legally be designated as a beneficiary in the certificate issued to Mr. Cake. In discussing the question, the learned judge says, inter alia: "From the very nature and purpose of the order itself, it does not appear that there is any intention to exclude a stepchild or an adopted child of a member, because of the fact that the child is not a lineal descendant. The laws of the State of Maryland say nothing about blood

relationship nor do the by-laws of the order. The important question would seem to be, is the child a child of the family? This seems to have been the view taken by the order when the member made his application for change of beneficiary. The application was received without question, and the policy, with the name of the beneficiary designated as 'stepdaughter,' was issued and delivered without question. For three years afterwards, the member lived and his dues were paid, believing, of course, that the order would, upon his death, pay the amount of the policy to his stepdaughter, as it had promised to do. The order allowed him, all this time, to continue in the belief, doing nothing whatever to correct it. It may be presumed that the order fully satisfied itself as to the relation existing between Walter J. Cake and his stepdaughter, before it issued this policy; and the jury found that this stepdaughter was 'held out by Walter J. Cake as a child of his, from her early childhood to the time of his death.' In other words, the jury found that the relation existing between Walter J. Cake and his stepdaughter, from her early childhood until his death, was that of parent and child. It may be presumed that the order knew this to be a fact, when it issued the policy. There is nothing in the evidence to the contrary."

It will be conceded that the beneficiary must belong to one of the classes named in the statute and laws of the order, and also that the funds applicable to the payment of benefit certificates are trust funds, and payable only as prescribed by the same authority. Both of these requirements will be fulfilled if the plaintiff is a child of Walter J. Cake within the meaning of the act of assembly which authorized the incorporation of the defendant order. In determining this question, we must look at the manifest purpose of the creation of the organization, which, as the statute declares, was "for the sole benefit of its members and their beneficiaries, and not for profit." This purpose is to be carried out by provisions for the payment of benefits in the case of sickness, disability, or

death of its members.  The sole object of the legis-
lation was to afford an opportunity to a member to
assist, after his death, one or more of his family or those
who, though not related to him, are members of his
household and hold like intimate relations with him.
From such persons, he is permitted to select a beneficiary
or beneficiaries to whom payment must be made.  Such
being the purpose of the legislation, we think that "chil-
dren" in the statute was intended to include those who
stood in that relation to the head of the house, though
not related by blood or affinity.  In the case in hand, it is
clear, under the evidence, that the plaintiff held the re-
lation of a child to the deceased.  She never knew any
other father, and did not know until after she had grown
to womanhood that she was not the child of Walter J.
Cake.  His name was her name, and his home was her
home from her infancy, save the few years of her married
life.  When his wife died, he surrendered the certificate
and secured a new one in which, naturally and very prop-
erly, he designated as beneficiary one who stood to him
in the intimate relation of a child.  She had borne his
name from her infancy until her marriage, and, as the
evidence conclusively shows, he had treated her from
her infancy as his child.

In the construction of the statute and the laws of the
order, we must not overlook the fact that the defendant
accepted the plaintiff as a legal beneficiary when it is-
sued the benefit certificate.  In surrendering the former
certificate and requesting the defendant to issue another
certificate, Mr. Cake designated the beneficiary as his
stepdaughter.  The request was made to the supreme
secretary of the defendant order, and we must assume
that before they issued the certificate the officials of the
order were satisfied that the plaintiff bore the relation of
a child to Mr. Cake within the meaning of the statute
and the laws of the order, and hence could become a
legal beneficiary.  Mr. Cake paid his dues regularly, and
the order received them for three years, and until his

death.  It is incredible that the defendant would have issued the certificate and received the dues from a member until his death unless it was convinced that the facts, all of which its officials knew, justified the issuing of the certificate and the designation of the plaintiff as a legal beneficiary.

We think the interpretation we have given the defendant's charter is in accordance with the principles we have applied in construing the charters of beneficiary associations issued in this State.  We have dealt liberally with such instruments, not only to carry out the benevolent purpose of the organization, but to protect the designated beneficiary.  In Niblack on the Law of Voluntary Societies, Sec. 175 (2d Ed.), the learned author says: "It is well settled that in construing the terms in which the beneficiary of a contract of mutual benefit insurance has been designated, a liberal, rather than a restricted meaning should be given to the language or words employed."

The judgment is affirmed.